UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Civil Action No. 4:05-3143-TLW-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | REPORT AND |
| Ronald I. Stallings, Dianne N. Stallings, and | ) | RECOMMENDATION |
| Bank of America Corporation, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on plaintiff's motion for judgment on the pleadings (Document # 38) filed August 16, 2006. In its motion, plaintiff alleges that in count one of its complaint, it alleged that Defendant Ronald I. Stallings (Mr. Stallings) was indebted to the United States for unpaid tax liability for the years 1996, 1997 and 1998 for a total sum of $181,266.28. It further indicates in its motion that Mr. Stallings does not contest the allegations of the complaint and it, therefore, is entitled to judgment on the pleadings. In response to the complaint, Mr. Stallings filed a copy of the complaint with a notation of the bottom of the last page reading "agreed to" and signed his name. Mr. Stallings initially did not file a response. The undersigned held a hearing on November 30, 2006, and allowed Mr. Stallings until December 31, 2006, to file a response to the plaintiff's motion. Mr. Stallings filed a one page response on December 19, 2006. In his response, Mr. Stallings asserts that judgment on the pleadings should not be entered because (1) Defendant Dianne N. Stallings should not have been granted innocent spouse relief; (2) the United States erroneously released the lien on the property in South Carolina and Virginia so that the property was not available for sale to pay taxes; (3) the response "agreed" was meant to agree to sell the property

-1-

to pay the taxes; and (4) he has no real property or income to pay the taxes.

Since the defendant is proceeding pro se, this court is required to treat his filings and pleadings with some degree of liberality. Estelle v. Gamble, 429 U.S. 97 (1976); Hughes v. Rowe, 449 U.S. 9 (1980) (per curiam). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. Hughes v. Rowe, 449 U.S. 5, 66 L.Ed.2d 163, 101 S.Ct. 173 (1980)(per curiam). However, defendant is cautioned that the court may not rewrite his pleadings; Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct defendant's legal arguments for him, Small v. Endicott, 998 F.2d 411, 417-418 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), cert. denied, 475 U.S. 1088 (1986). Further, while the court should afford a *pro se* litigant every reasonable opportunity to construct and present a his side, the court cannot act as counsel for the *pro se* litigant or excuse a failure to comply with the rules of this court.

Plaintiff files its motion pursuant to Rule 12(c), Fed.R.Civ.P. The same standard is applied for a Rule 12(c) motion as one made pursuant to Rule 12(b)(6). Burback Broadcasting Company of Delaware v. Elkins Radio Corporation, 278 F.3d 401, 406 (4th Cir. 2002). A motion to dismiss under Rule 12 tests the sufficiency of the complaint. It does not resolve conflicts of facts. A court may grant the relief only if there is no issue of fact and the moving party is entitled to judgment as a matter of law. *See* Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999) Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In considering a motion to dismiss, all reasonable inferences are afforded to the non-moving party. *See* Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130,1134 (4th Cir. 1993). If matters outside the pleadings are considered, the motion is converted to a motion for summary judgment pursuant to Rule 56. Fed.R.Civ.P. 12(c); Westpoint Ins. Corp. V. Albert, 2006

WL 3522500 (4th Cir. 2006).  Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Rule 56(c), FRCP; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The non-moving party bears the burden of coming forward with specific facts which show a genuine issue for trial.  Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986).  The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party.  Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991).  However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment.  Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992).  The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits."  Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

Rule 56(e) provides, "when a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." See also Celetex Corp. v. Catrett, 477 U.S. 317, 324 (1986)(Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves").  To raise a genuine issue of material fact, a party may not rest upon the mere allegations or denials of his pleadings.  Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any."  Celetex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  See also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v.

Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

Count One of plaintiff's complaint alleges the United States made assessments against Mr. Stallings for income taxes for tax periods ending December 31, 1996, and December 31, 1997, made demand for payment, and Mr. Stallings refused to pay the amount of the assessments. The complaint sets forth the total amount of the assessments in the amount of $181, 266.28 as of August 31, 2005. The complaint also seeks fees, interest, and other statutory additions.

Defendant filed his answer "agreeing to" the allegations of the complaint.  In his response to plaintiff's motion, defendant asserts that he was "agreeing to" the sale of the real property to satisfy the tax liens.  Even accepting this interpretation and his other arguments, he does not deny that he owes the debt as alleged in the complaint.  Also, the principal amount of the debt, $181,266.28, is liquidated and not challenged by defendant.  Therefore, plaintiff is entitled to judgment against defendant in the amount of $181,266.28.  Plaintiff does not identify the fees, interest or other statutory additions.  Accordingly, a deadline should be established within which plaintiff may apply, if he wishes, for any appropriate fees, interest or other statutory additions.

For the foregoing reasons, it is recommended that plaintiff's motion (Document # 38) be granted as set forth above.

January 24, 2007                                            s/Thomas E. Rogers, III
Florence, South Carolina                              Thomas E. Rogers, III
                                                                      United States Magistrate Judge


**The parties' attention is directed to the important notice contained on the following page(s).**