IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.:4:05-03143-TLW |
| | ) | |
| RONALD I. STALLINGS, DIANNE N. | ) | |
| STALLINGS, and BANK OF AMERICA | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

# ORDER

The plaintiff, United States of America, brought this action to reduce to judgment the unpaid federal tax liabilities assessed against the defendant Ronald I. Stallings, to foreclose federal tax liens, and for the sale of real property on November 7, 2005. (Doc. #1). This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1340, 1345 and 26 U.S.C. § 7402. The plaintiff filed a motion to dismiss count two of the complaint on June 19, 2006. (Doc. #29). An Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on June 21, 2006, advising the defendant of the importance of a motion for summary judgment. (Doc. #31). The plaintiff was specifically advised that he had 34 days to respond and that if he failed to respond adequately, the defendants' motion may be granted, thereby ending his case. Id. The defendant responded on July 7, 2007. (Doc. #33). This Court granted plaintiff's motion to dismiss count two on September 12, 2006. (Doc. #40). The plaintiff filed a motion for judgment on the pleadings on August 16, 2006. (Doc. #38). On December 19, 2006, defendant Ronald I.Stallings, proceeding pro se, filed a response to the

1

plaintiff's motion for judgment on the pleadings. (Doc. #49).

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Thomas E. Rogers III, to whom this case had previously been assigned. (Doc. #51). In the Report, Magistrate Judge Rogers recommends that the plaintiff's motion should be granted. (Doc. #51). The defendant has not filed objections to the Report. In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted). In light of this standard, the Court has reviewed the Report. After careful review of the Report and objections thereto, the Court accepts the Report. (Doc. #51). Therefore, for the reasons articulated by the Magistrate Judge, it is **ORDERED** that the Magistrate Judge's Report and Recommendation is **ACCEPTED** (Doc. #51), and that the plaintiff's motion for judgment on the pleadings is **GRANTED** (Doc. #38).

        **IT IS SO ORDERED**.

                                                    s/Terry L. Wooten
                                                    Terry L. Wooten
                                                    United States District Judge

2

March 13, 2007
Florence, South Carolina